Marsha A. Houston (SBN 129956)
Jonathan D. Gershon (SBN306979)
Matthew E. Tashman (Pro Hac To Be Filed)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone:   213.457.8000
Facsimile:    213.457.8080

Attorneys for Plaintiff
Wells Fargo Bank, National Association

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION LOS ANGELES

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION,<br><br>                    Plaintiff,<br><br>        vs.<br><br>KURT ORBAN PARTNERS, LLC, a California limited liability company; KURT MATTHEW ORBAN, an individual,<br><br>                    Defendant. | No.: 2:20-cv-06191<br><br>**COMPLAINT:**<br>**(1) BREACH OF CONTRACT (KOP);**<br>**(2) MONEY LENT (KOP);**<br>**(3) BREACH OF MATT ORBAN GUARANTY (MATT ORBAN);**<br>**(4) SPECIFIC PERFORMANCE AND APPOINTMENT OF RECEIVER (KOP);**<br>**(5) CLAIM AND DELIVERY (KOP); AND**<br>**(6) INJUNCTIVE RELIEF** |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-154038031.5-RKSTALZE

Plaintiff Wells Fargo Bank, National Association ("Plaintiff" or the "Administrative Agent"), alleges as follows:[1]

## GENERAL ALLEGATIONS

### The Parties

1.     Plaintiff is a national banking association duly organized and existing under the laws of the United States of America.  Plaintiff has designated its main office as located in South Dakota.  At all times relevant to the matters set forth herein, Plaintiff was and is qualified to transact banking business in the State of California.

2.     The Administrative Agent is duly appointed to act for the lenders (collectively, the "Lenders") party to the Credit Agreement (as more fully described and defined below; capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Credit Agreement).  Such appointment includes the right to take such actions and to exercise such powers as delegated to the Administrative Agent in the Credit Agreement and to act as the "collateral agent" under the Loan Documents for purposes of enforcing any and all Liens on Collateral granted by any of the Credit Parties.

3.     Plaintiff is informed and believes, and thereon alleges, that at all relevant times mentioned herein, defendant Kurt Orban Partners, LLC ("KOP" or the "Borrower") was and is a California limited liability company doing business in the State of California with its principal place of business in Burlingame, California.

4.     Plaintiff is informed and believes, and thereon alleges, that at all relevant times mentioned herein, KOP was wholly owned by defendant Kurt Matthew Orban ("Matt Orban").

5.     Plaintiff is informed and believes, and thereon alleges, that at all relevant times mentioned herein, defendant Matt Orban was and is a resident of Hillsborough,

---

[1] Plaintiff expressly reserves its rights to apply for a stay of these proceedings, pending arbitration, with the exception of the enforcement of its provisional remedies and the appointment of a receiver, which it intends to continue pursuing in this Court.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

California.

**Venue and Jurisdiction**

6.     The parties are of diverse citizenship.

7.     The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

8.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a).

9.     Pursuant to Section 12.5(b) of the KOP Credit Agreement (defined below), Defendants consented to venue being proper in the United States District Court for the Central District of California.

10.     Venue is properly in this Court pursuant to 28 U.S.C. § 1391.

**The Loans**

11.     The Lenders made certain loans and extensions of credit to KOP pursuant to the terms of that certain Second Amended and Restated Credit Agreement, dated as of November 30, 2017, as amended by that certain First Amendment to Second Amended and Restated Credit Agreement dated as of June 29, 2018, that certain Second Amendment to Second Amended and Restated Credit Agreement and Waiver dated as of March 22, 2019 and that certain Third Amendment to Second Amended and Restated Credit Agreement dated as of June 30, 2019, by and between KOP, Administrative Agent and the lenders party to the Credit Agreement (as amended from time to time, the "Credit Agreement"), including: (i) those certain clean import loans (the "Clean Import Loans"); (ii) those certain loans against imports (the "Loans Against Imports"); (iii) those certain import revolving credit loans (the "Import Revolving Credit Loans"); (iv) those certain tariff revolving credit loans (the "Tariff Revolving Credit Loans"); and (v) those certain letters of credit (the "Letters of Credit"), each made by the Lenders to KOP (collectively, the "Loans").  A true and correct copy of the Credit Agreement, as amended, is attached hereto as **Exhibit A** and incorporated herein by reference.

12.     In connection with the Loans, KOP executed a promissory note in favor

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

of each Lender (collectively, the "Notes") as follows:

      (a) that certain Import Line Note in the principal amount of $40,000,000 dated as of "March __, 2019", made by KOP in favor of Administrative Agent (the "Wells Fargo Note");

      (b) that certain Import Line Note in the principal amount of $15,000,000 dated as of "March __, 2019", made by KOP in favor of Cathay Bank (the " Cathay Bank Note");

      (c) that certain Import Line Note in the principal amount of $25,000,000 dated as of "March __, 2019", made by KOP in favor of Woodforest National Bank (the " Woodforest Note"); and

      (d) that certain Import Line Note in the principal amount of $20,000,000 dated as of "March __, 2019", made by KOP in favor of City National Bank (the "City National Note").

True and correct copies of each of the Notes are attached hereto as **Exhibits B, C, D and E** respectively, and incorporated herein by reference.

13.    In connection with the Loans, Matt Orban guarantied KOP's obligations to the Lenders up to $17,000,000, plus all accrued and unpaid interest and all costs and expenses pertaining to the enforcement and collection of indebtedness pursuant to that certain Amended and Restated Continuing Guaranty dated as of November 30, 2017, executed by Matt Orban in favor of the Plaintiff for the benefit of the Lenders, as amended by that certain Consent of Guarantors dated as of November 30, 2017, executed by Matt Orban and Kurt Orban Partners Limited ("KOP UK") (as amended, the "Orban Guaranty"). True and correct copies of the Orban Guaranty and the Consent of Guarantors are attached hereto as **Exhibit F and Exhibit G** and incorporated herein by reference.

14.    The Loans are secured by, among other things, accounts, chattel paper, instruments, promissory notes, documents, general intangibles, payment intangibles, software, letter of credit rights, health-care insurances receivables, goods, tools,

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

machinery, furnishings, furniture, other equipment, inventory, raw materials, component parts and embedded software, work in process, materials, warehouse receipts, bills of lading, other documents evidencing goods and all proceeds, as set forth more fully in that certain Amended and Restated Security Agreement: Business Assets dated as of November 30, 2017, executed by KOP in favor of the Administrative Agent for the benefit of itself and the Lenders (the "Security Agreement").  A true and correct copy of the Security Agreement is attached hereto as **Exhibit H** and incorporated herein by reference.

15.     The other agreements and documents executed and delivered in connection with the Loans, together with the Credit Agreement, the Notes, the Orban Guaranty and the Security Agreement are hereinafter referred to as the "Loan Documents".

**KOP's Events of Default**

16.     Numerous defaults have occurred under the terms of the Loan Documents, each constituting Events of Default thereunder, as described more fully below.

17.     Pursuant to the Credit Agreement, the Loans matured on June 30, 2020 and the full amount of the Loans became due and payable.  The Loans have not been repaid.

18.     Pursuant to the terms of Section 2.1(b) of the Credit Agreement, each Clean Import Loan was required to be repaid within one hundred twenty (120) calendar days from the date of disbursement for those Clean Import Loans in the United States and one hundred fifty (150) days from the date of disbursement for those Clean Import Loans advanced on behalf of KOP UK.

19.     In June 2020, prior to the June 30, 2020 maturity date, numerous Clean Import Loans became due and were not repaid.

20.     Pursuant to the terms of Section 2.1(c) of the Credit Agreement, each Loan Against Imports was required to be repaid within one hundred twenty (120)

calendar days from the date of disbursement for those Loans Against Imports in the United States and one hundred fifty (150) days from the date of disbursement for those Loans Against Imports advanced on behalf of KOP UK.

21.     In June 2020, prior to the June 30, 2020 maturity date, numerous Loans Against Imports became due and were not repaid.

22.     Pursuant to Section 9.6 of the Credit Agreement, Restricted Payments were not allowed to exceed eighty percent (80%) of Borrower's consolidated net income for each trailing-twelve-month period, determined as of each month end, calculated on a trailing twelve month basis and determined as of each month end.

23.     Based on the Borrower prepared financials statements dated as of December 31, 2019, January 31, 2020, February 29, 2020 and March 31, 2020 (collectively, the "Borrower Prepared Financial Statements"), Restricted Payments exceeded eighty percent (80%) as of each of those dates.

24.     Pursuant to Section 9.14(b) of the Credit Agreement, Consolidated Senior Indebtedness divided by Consolidated Tangible Net Worth was not allowed to be greater than 4.75:1.0, determined at the end of each month.

25.     Based on the Borrower Prepared Financial Statements, this ratio was greater than 4.75:1.0 as of the date of each of the Borrower Prepared Financial Statements.

26.     Pursuant to Section 9.14(c) of the Credit Agreement, net income after taxes of Borrower and its Subsidiaries determined in accordance with GAAP were not allowed to be less than One Dollar ($1.00) on a year-to-date basis, determined as of each month end.

27.     Based on the Borrower Prepared Financial Statements, net income after taxes for the year to date periods ending on the date of the Borrower Prepared Financial Statements was negative.

28.     Pursuant to Section 9.16(g) of the Credit Agreement, KOP UK's Consolidated net income determined in accordance with GAAP was not allowed to be

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

less than £1.00, as of the end of each December 31, as determined on a year-to-date basis at the end of each Fiscal Year.

29.     Based on the Borrower Prepared Financial Statements, net income for each such period was negative.

30.     Pursuant to Section 8.1(a) of the Credit Agreement, by no later than April 30 of each calendar year, Borrower was required to deliver annual audited financial statements for itself and annual reviewed financial statements for KOP UK.

31.     To date, no audited and reviewed financial statements have been delivered for the year ending December 31, 2019.

**Plaintiff's Rights Under the Loan Documents**

32.     Pursuant to Section 10.2 of the Credit Agreement, upon notice to the Borrower, the Administrative Agent may "[t]erminate the Commitment and declare all principal and interest on the Loans and all other amounts due to the Administrative Agent and the Lenders to be immediately due and payable and further exercise all other rights and remedies under Loan Documents and applicable law, to satisfy all Obligations due the Administrative Agent and the Lenders".

33.     Pursuant to Section 7 of the Security Agreement, KOP appointed Administrative Agent as its attorney in fact to perform a number of powers, including:

(a)     "to perform any obligation of Debtor hereunder in Debtor's name or otherwise";

(b)     "to resort to security in any order";

(c)     "to receive, open and read mail addressed to Debtor";

(d)     "to take cash, instruments for the payment of money and other property to which Administrative Agent is entitled";

(e)     "to enter onto Debtor's premises in inspecting the Collateral"; and

(f)     "to do all acts and things and execute all documents in the name of Debtor or otherwise, deemed by Administrative Agent as necessary, proper and

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

convenient in connection with the preservation, perfection or enforcement of its rights hereunder".

34.     Pursuant to Section 10 of the Security Agreement, KOP granted to Administrative Agent, upon the occurrence of an Event of Default, the right, among other things:

(a)     "to contact all persons obligated to Debtor on any Collateral or Proceeds and to instruct such persons to deliver all Collateral and/or Proceeds directly to Administrative Agent"; and

(b)     "to sell, lease, license or otherwise dispose of any or all Collateral."

35.     Pursuant to Section 10 of the Security Agreement, KOP also agreed that "while an Event of Default exists: (a) Debtor will deliver to Administrative Agent from time to time, as requested by Administrative Agent, current lists of all Collateral and Proceeds; (b) Debtor will not dispose of any Collateral or Proceeds except on terms approved by Administrative Agent; (c) at Administrative Agent's request, Debtor will assemble and deliver all Collateral and Proceeds, and books and records pertaining thereto, to Administrative at a reasonably convenient place designated by Administrative Agent; (d) Administrative Agent may, at any time, liquidate any time deposits pledged to Administrative Agent hereunder and apply the Proceeds thereof to payment of the Indebtedness, whether or not said time deposits have matured and notwithstanding the fact that such liquidation may give rise to penalties for early withdrawal of funds; and (e), Administrative Agent may, without notice to debtor, enter onto Debtor's premises an take possession of the Collateral."

**<u>Plaintiff's Demands and Requests, Amounts Due and Owing under Loan Documents</u>**

36.     By letter dated April 14, 2020 (the "<u>First Default Notice</u>"), Plaintiff notified the Borrower of certain Events of Default under the Credit Agreement.  A true and correct copy of the First Default Notice is attached hereto as **Exhibit I** and

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

incorporated herein by reference.

37.     By letter dated June 10, 2020 (the "Second Default Notice"), Plaintiff notified the Borrower of certain Events of Default under the Credit Agreement.  A true and correct copy of the Second Default Notice is attached hereto as **Exhibit J** and incorporated herein by reference.

38.     By letter dated July 1, 2020 (the "Demand Letter"), Plaintiff made written demand on the Borrower for repayment of the full amount due and owing under the Loan Documents.   A true and correct copy of the Demand Letter, excerpting the accompanying enclosure, is attached hereto as **Exhibit K** and incorporated herein by reference.

39.     By letters dated July 2, 2020 (the "July 2 Letter") and July 6, 2020 (the "July 6 Letter"), Plaintiff described in detail certain of Borrower's fraudulent activity. True and correct copies of the July 2 Letter and the July 6 Letter, excerpting the accompanying enclosures, are attached hereto as **Exhibit L** and **Exhibit M** and incorporated herein by reference.

40.     As of July 9, 2020, the amounts due and owing under the Loan Documents include the following, in addition to accrued interest and fees and costs of Lenders in connection with the enforcement of its rights and remedies under the Loan Documents, including legal fees and costs.

$71,120,630 of principal with respect to Clean Import Loans, the full amount of which is matured and fully due and owing.

$3,259,411 of principal with respect to Loans Against Imports, the full amount of which is matured and fully due and owing.

$2,181,706 of principal with respect to Import Revolving Credit Loans, the full amount of which is matured and fully due and owing.

$1,100,000 of principal with respect to Tariff Revolving Credit Loans, the full amount of which is matured and fully due and owing.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

\$4,817,449 to 100% cash collateralize all outstanding Letters of Credit in accordance with Section 10.2(b) of the Credit Agreement.

41.   All amounts owed under the Loan Documents are immediately due and payable in full.

42.   Pursuant to the terms of the Loan Documents, Plaintiff is entitled to recover all costs and expenses that Plaintiff may incur in enforcing its rights, remedies and powers.  Plaintiff has been compelled to retain the services of attorneys and have incurred and will continue to incur such costs and expenses.  Plaintiff prays leave of court to amend this Complaint when said costs and expenses have been determined.

43.   Plaintiff has performed all of the terms and conditions on its part to be performed under the terms of the Loan Documents.

44.   As set forth in greater detail in Section 12.6(b) of the Credit Agreement, the Credit Agreement provides for binding arbitration upon the demand of any party to the Credit Agreement.  Plaintiff hereby demands arbitration in accordance with Section 12.6(b) of the Credit Agreement.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

### Against Defendant KOP

45.   Plaintiff repeats and re-alleges all of the allegations contained in the preceding paragraphs of this Complaint as if the same were fully set forth at length herein.

46.   The Credit Agreement constitutes a legal, binding and enforceable contract between Plaintiff and KOP.

47.   Pursuant to the Credit Agreement, KOP agreed to and proposed to perform certain covenants and make certain payments as set forth above.

48.   The Administrative Agent and the Lenders relied on the promises made by KOP in connection with the Loans when the Lenders lent money to and made other financial accommodations to KOP.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

49.    As set forth at length above, KOP has failed to comply with various covenants and make certain payments under the Credit Agreement and the.

50.    Plaintiff made reasonable demand for compliance in accordance with the Credit Agreement and the Notes.

51.    The Maturity Date has occurred, and has not been extended.  Despite demand, KOP failed to satisfy all amounts due under the Loan Documents on the Maturity Date.

52.    KOP's default on the obligations under the terms of the Credit Agreement, the Security Agreement and the Notes constitutes a breach of KOP's obligations thereunder.

53.    KOP is, and continues to be, in breach of its obligations under the Credit Agreement, the Security Agreement and the Notes.

54.    The breaches of the Credit Agreement, the Security Agreement and the Notes have occurred, are continuing and cannot be cured.

55.    As a result of the occurrence of the breach of the Credit Agreement, the Security Agreement and the Notes, the Plaintiff has been damaged in the amount of the Loans (or such other amounts as determined to be due at trial), plus additional interest accrued, late fees, appraisal fees, attorneys' fees and costs, and such other amounts as may be proven at trial of this action.  In addition, KOP will owe Plaintiff further interest, costs, and attorneys' fees incurred by Plaintiff through the date of trial in this matter.

56.    The Plaintiff has at all times fully and properly performed its obligations under the Loan Documents and all conditions precedent have been performed by the Plaintiff or have otherwise occurred to establish the Plaintiff's right to recover the Obligations.

57.    All conditions precedent to entry of judgement have occurred, have been performed or have been waived.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## SECOND CAUSE OF ACTION

### (Money Lent)

### Against Defendant KOP

58.     The Administrative Agent repeats and re-alleges all of the allegations contained in the preceding paragraphs of the Complaint as if same were fully set forth at length herein.

59.     The Credit Agreement and the Notes constitute legal, binding and enforceable contracts between Plaintiff, Lenders and KOP.

60.     Pursuant to the Credit Agreement and the Notes, the Administrative Agent and the Lenders agreed to make certain loans and credit accommodations available to KOP.

61.     KOP agreed to and proposed to make certain payments as set forth above.

62.     The Administrative Agent and the Lenders relied on the promises made by KOP in connection with the Loans when the Lenders lent money to and made other financial accommodations to KOP.

63.     As set forth at length above, KOP has failed to make certain payments under the Credit Agreement and the Notes as and when due.

64.     Plaintiff made reasonable demand for compliance in accordance with the Credit Agreement and the Notes.

65.     The Maturity Date has occurred, and has not been extended.  Despite demand, KOP failed to satisfy all amounts due under the Loan Documents on the Maturity Date.

66.     KOP's default on the obligations under the terms of the Credit Agreement and the Notes constitutes a breach of KOP's obligations thereunder.

67.     KOP is, and continues to be, in breach of its obligations under the Credit Agreement and the Notes.

68.     The breaches of the Credit Agreement and the Notes have occurred, are

continuing and cannot be cured.

69.     As a result of the occurrence of the breaches of the Credit Agreement and the Notes, the Plaintiff has been damaged in the amount of the Loans (or such other amounts as determined to be due at trial), plus additional interest accrued, late fees, appraisal fees, attorneys' fees and costs, and such other amounts as may be proven at trial of this action.  In addition, KOP will owe Plaintiff further interest, costs, and attorneys' fees incurred by Plaintiff through the date of trial in this matter.

70.     The Plaintiff has at all times fully and properly performed its obligations under the Loan Documents and all conditions precedent have been performed by the Plaintiff or have otherwise occurred to establish the Plaintiff's right to recover the Obligations.

71.     All conditions precedent to entry of judgement have occurred, have been performed or have been waived.

72.     Within the last four years, KOP became indebted to Plaintiff in a sum not less than $82,479,197, plus fees and costs, including the cost of appraisals and the hiring of a consultant, and attorneys' fees and costs; plus interest, plus other amounts permitted under the Loan Documents that have and continue to accrue, for money lent by Plaintiff to KOP at KOP's requests.

73.     The foregoing sums remain unpaid by KOP, although demand therefor has been made.

### **THIRD CAUSE OF ACTION**

#### **(Breach of Guaranty)**

#### **Against Defendant Matt Orban**

74.     The Administrative Agent repeats and re-alleges all of the allegations contained in the preceding paragraphs of the Complaint as if same were fully set forth at length herein.

75.     The Orban Guaranty constitutes a legal, binding and enforceable contract between Plaintiff and Matt Orban.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

76.     Pursuant to the Orban Guaranty, Matt Orban agreed to and proposed to perform certain covenants and make certain payments as set forth above.

77.     The Administrative Agent and the Lenders relied on the promises made by Matt Orban in connection with the Loans when the Lenders lent money to and made other financial accommodations to KOP.

78.     As set forth at length above, KOP has failed to perform the covenants and make certain payments under the Credit Agreement and the Notes.

79.     The Maturity Date has occurred, and has not been extended.  Despite demand, KOP failed to satisfy all amounts due under the Loan Documents on the Maturity Date.

80.     As set forth at length above, Matt Orban has failed to perform the covenants and make certain payments under the Orban Guaranty.

81.     Plaintiff made reasonable demand for compliance in accordance with the Orban Guaranty.

82.     Matt Orban's defaults on the obligations under the terms of the Orban Guaranty constitutes a breach of Matt Orban's obligations thereunder.

83.     Matt Orban is, and continues to be, in breach of his obligations under the Orban Guaranty.

84.     The breaches of the Orban Guaranty have occurred, are continuing and cannot be cured.

85.     As a result of the occurrence of the breach of the Orban Guaranty, the Plaintiff has been damaged in the amount of the Loans (or such other amounts as determined to be due at trial), plus additional interest accrued, late fees, appraisal fees, attorneys' fees and costs, and such other amounts as may be proven at trial of this action.  In addition, KOP will owe Plaintiff further interest, costs, and attorneys' fees incurred by Plaintiff through the date of trial in this matter.

86.     The Plaintiff has at all times fully and properly performed its obligations under the Loan Documents and all conditions precedent have been performed by the

Plaintiff or have otherwise occurred to establish the Plaintiff's right to recover the Obligations.

87.    All conditions precedent to entry of judgment have occurred, have been performed or have been waived.

88.    Under the terms of the Orban Guaranty, Matt Orban is obligated to reimburse Administrative Agent for all fees, costs and expenses incurred by Administrative Agent or its counsel in connection with the enforcement of Plaintiff's rights under the Loans and the Orban Guaranty, and the collection of all amounts owing under same.  Administrative Agent has incurred such fees, costs and expenses and will continue in the future to incur the same.

89.    Plaintiff relied on the respective promises made by Matt Orban in the Orban Guaranty in connection with the Loans when it lent money to and made other financial accommodations available to KOP.

90.    Matt Orban has breached and defaulted on his obligations to Plaintiff under the Orban Guaranty by failing to repay, after demand, the indebtedness owed by KOP to Plaintiff.

91.    There is now due, owing, and unpaid from KOP to Plaintiff under the Loans, which Matt Orban guarantied, an amount in excess of $17,000,000, plus additional interest accrued, late fees, appraisal fees, attorneys' fees and costs, and such other amounts as may be proven at trial of this action.  In addition, Matt Orban will owe Plaintiff further interest, costs, and attorneys' fees incurred by Plaintiff through the date of trial in this matter.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# FOURTH CAUSE OF ACTION

## (For Specific Performance of Security Agreement

## and Appointment of Receiver[2])

### Against all Defendants

92.     The Administrative Agent repeats and re-alleges all of the allegations contained in the preceding paragraphs of the Complaint as if same were fully set forth at length herein.

93.     Based on the questionable transactions outlined in Exhibit L and Exhibit M, pursuant to the Security Agreement, KOP agreed that upon the occurrence of an Event of Default, Administrative Agent may take numerous actions to enforce its rights to collect the collateral secured by the Security Agreement, including contacting account debtors of KOP, repossessing the collateral, and selling or otherwise disposing of the collateral.

94.     Plaintiff is informed and believes and thereon alleges that unless a receiver is appointed to enforce Plaintiff's rights under the Security Agreement, and KOP is enjoined presently and during the pendency of this action from collecting any proceeds from any such collateral and from interfering in any manner with the collateral or its possession, Plaintiff will suffer great and irreparable injury through the loss and/or dissipation thereof.

# FIFTH CAUSE OF ACTION

## (Claim and Delivery)

### Against Defendant KOP

95.     The Administrative Agent repeats and re-alleges all of the allegations contained in the preceding paragraphs of the Complaint as if same were fully set forth at length herein.

---

2     Simultaneously with the filing of this Complaint, Plaintiff is filing with the United States District Court for the Central District of California an Application for Appointment of Receiver, Temporary Restraining Order and Order to Show Cause with respect to KOP on grounds including but not limited to fraudulent conduct by KOP and Matt Orban.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

96.     This claim is brought pursuant to California Code of Civil Procedure section 511.010, et seq.

97.     The terms of the Security Agreement provide that, upon the occurrence of an Event of Default, Administrative Agent is entitled to take immediate possession of all collateral described therein, including the proceeds thereof.  By reason of the aforementioned defaults by KOP, Administrative Agent is entitled under the Security Agreement to the immediate surrender, return and possession of the collateral and/or proceeds thereof.

98.     Plaintiff hereby demands that possession of any collateral and/or proceeds thereof be delivered to Administrative Agent.

## SIXTH CAUSE OF ACTION

### (Injunctive Relief)

### Against All Defendants

99.     The Administrative Agent repeats and re-alleges all of the allegations contained in the preceding paragraphs of the Complaint as if same were fully set forth at length herein.

100.    Based on the questionable transactions outlined in Exhibit L and Exhibit M, Plaintiff will suffer irreparable injury for which no adequate remedy at law exists unless KOP and other persons and firms having knowledge of an injunction are: (i) enjoined from continuing to use the collateral; (ii) ordered to advise Administrative Agent of the exact location of each item of collateral; and (iii) ordered to surrender the collateral to Administrative Agent.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## ON ITS FIRST CAUSE OF ACTION

1.      For judgment against KOP in the following amounts as of July 9, 2020: $82,479,197, plus fees and costs, including the cost of appraisals and the hiring of a consultant; and additional interest and default interest at the contractual rates set forth in the Notes;

2.      For claim and delivery and specific performance under the Loan Documents;

3.      For reasonable attorneys' fees and costs according to proof against KOP;

4.      For costs of suit herein incurred against KOP; and

5.      For such other and further relief as the Court may deem proper.

## ON ITS SECOND CAUSE OF ACTION

1.      For judgment against KOP in the following amounts as of July 9, 2020: $82,479,197, plus fees and costs, including the cost of appraisals and the hiring of a consultant; and additional interest and default interest at the contractual rates set forth in the Notes;

2.      For reasonable attorneys' fees and costs according to proof against KOP;

3.      For costs of suit herein incurred against KOP; and

4.      For such other and further relief as the Court may deem proper

## ON ITS THIRD CAUSE OF ACTION

1.      For judgment against Matt Orban in the following amounts as of July 9, 2020:  $17,000,000, plus fees and costs, including the cost of appraisals and the hiring of a consultant; and additional interest and default interest at the contractual rates set forth in the Notes;

2.      For reasonable attorneys' fees and costs according to proof against the Guarantors;

3.     For costs of suit herein incurred against Matt Orban; and

4.     For such other and further relief as the Court may deem proper.

### ON ITS FOURTH CAUSE OF ACTION

1.     For specific performance of the Security Agreement;

2.     For appointment of a receiver: (i) to take possession of the the collateral secured by the Security Agreement and to operate KOP's business in order to protect and collect such collateral and (ii) for such other relief as this Court deems appropriate pursuant to an order appointing such receiver.

3.     An order that KOP and anyone holding under KOP deliver possession of the collateral secured by the Security Agreement to the receiver;

4.     For reasonable attorneys' fees according to proof against KOP;

5.     For costs of suit herein incurred against KOP; and

6.     For such other and further relief as the Court may deem proper.

### ON ITS FIFTH CAUSE OF ACTION

1.     For an order directing KOP to turn over to Administrative Agent, or to a court-appointed receiver for the benefit of Plaintiff, any collateral secured by the Security Agreement and all proceeds thereof, or if such collateral cannot be delivered, for its value in a sum to be established according to proof;

2.     For reasonable attorneys' fees according to proof against KOP;

3.     For costs of suit herein incurred against KOP; and

4.     For such other and further relief as the Court may deem proper.

### ON ITS SIXTH CAUSE OF ACTION

1.     For an order that: (a) KOP, MATT ORBAN and other persons and firms having knowledge of the injunction, including without limitation the officers and directors of KOP, be temporarily, preliminarily, and permanently enjoined from using

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

the collateral as of the date of the entry of the injunction order; (b) requires KOP and Matt Orban to disclose to Administrative Agent the precise location of each item of collateral; (c) requires KOP to recover any collateral in the possession of third parties for delivery to Administrative Agent; and (d) KOP and Matt Orban be temporarily, preliminarily, and permanently enjoined from restricting access of Administrative Agent and its agents or assigns to the collateral;

    2.     For reasonable attorneys' fees according to proof against KOP;

    3.     For costs of suit herein incurred against KOP; and

    4.     For such other and further relief as the Court may deem proper.

DATED:  July 10, 2020.

REED SMITH LLP

By   /s/ Jonathan D. Gershon
    Marsha A. Houston
    Jonathan D. Gershon
    Matthew E. Tashman
    Attorneys for Wells Fargo Bank, National Association